

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-9-2009

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2397

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lin v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1559.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1559

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2397
_____

ZHEN ZHOU LIN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A99 583 145)
Immigration Judge:  Honorable Annie Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2009

Before: RENDELL, GREENBERG and VAN ANTWERPEN, <u>Circuit Judges</u>

(Filed: April 9, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Zhen Zhou Lin petitions for review of a Board of Immigration Appeals ("BIA")

decision dismissing his appeal of the Immigration Judge's ("IJ") decision denying his

applications for relief from removal. We will deny the petition for review.

Lin is a native and citizen of China who came to the United States in 2000. In 2006, the Immigration and Naturalization Service issued a notice to appear charging that Lin is subject to removal because he is present in the United States without having been admitted or paroled. Through counsel, Lin conceded that he is removable as charged. Lin applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ concluded that Lin's asylum application was time-barred and considered his other claims for relief.

Lin testified that he was born in the Fujian Province of China, and that he left China because he hoped to have several children. Lin married after arriving in the United States. He now has two sons who were born in the United States in 2003 and 2005. Lin testified that he believes that he will be sterilized if he returns to China due to the birth of his two children. He further testified that, if he is required to leave the United States, his children will stay here with his wife. Lin also stated that, if both he and his wife, who is subject to an order of removal, are required to leave the United States, their children will stay here with his sister. Lin testified that his children have visited their grandparents in China. His sister took one of his children to China, and his neighbor took the other. Lin stated that his children obtained a temporary residence permit, but that they were not placed on a household registry.

The IJ found a lack of evidence showing that the Chinese government is aware or

could become aware of the fact that Lin has two sons. Absent such evidence, the IJ concluded that Lin is unable to meet his burden of proof for withholding of removal. The IJ stated that there was insufficient evidence showing that it is more likely than not that Lin would be sterilized where the Chinese government does not know that he is the father of two children. The IJ noted that there was no evidence about the significance of Lin's testimony that the children received a temporary residence permit when they visited China.[1]

The BIA dismissed Lin's appeal. Although the BIA assumed for the sake of the appeal that the IJ erred in finding Lin's asylum application untimely, the BIA agreed with the IJ that Lin had failed to show that he has a well-founded fear of persecution based upon the birth of his two children in the United States. The BIA noted that it had denied similar claims, and stated that, more importantly, Lin testified that his children would not accompany him to China if he and his wife are removed. Thus, like the IJ, the BIA concluded that there is no reason to believe that the Chinese government would recognize that Lin has two children or that the government would be interested in sterilizing him. The BIA agreed with the IJ that the fact that Lin's children visited China is insufficient to establish that the government is aware that he has children. Finally, the BIA concluded that any claim that Lin may suffer persecution because he and his wife will continue to

---

[1]The IJ also denied Lin's claim for relief under the CAT, noting that Lin had not testified that he fears torture at the hands of the Chinese government, and that Lin had not shown that he was more likely than not subject to sterilization. This ruling is not at issue.

have children is China is speculative, and that no evidence supported a claim that he would suffer persecution based on his subjective desire to have more children than China's family-planning laws allow. This petition for review followed.

Lin argues that the BIA erred as a matter of law by relying solely on other cases that the BIA had decided and by failing to independently consider the evidence in the record. This argument is belied by the BIA's decision. The BIA noted its decisions in other cases raising similar claims, but concluded that Lin did not satisfy his burden of proof based on his own testimony that his children would not return to China with him. The BIA found insufficient evidence showing that the Chinese government would have any interest in sterilizing him. To the extent Lin contends that the BIA did not address some of the background evidence, he has failed to show that the BIA did not undertake an individualized determination in his case. Kamara v. Attorney General, 420 F.3d 202, 212 (3d Cir. 2005) (noting that the BIA's decision need only contain sufficient indicia of an individualized determination).[2]

_____

[2]Lin also argues that the BIA's reliance on In re J-W-S, 24 I. & N. Dec. 185 (BIA 2007) and In re S-Y-G, 24 I. & N. Dec. 247 (BIA 2007), is misplaced because he submitted background evidence that the BIA did not consider in those cases. As noted above, the BIA did not decide that these cases are controlling. In addition, in J-W-S and S-Y-G, the BIA denied motions to reopen where the applicants claimed a well-founded fear of persecution if they returned to China with a second child born in the United States. The BIA concluded that a U.S. Department of State report did not support such a claim. In Lin's case, however, the BIA denied relief based on a lack of evidence supporting that the government would be interested in sterilizing Lin, who did not plan on returning to China with his children.

4

Lin also argues that he established a well-founded fear of persecution because there is a "slight, though discernable, chance" that the Chinese government does know about his children because, when the children visited China, they had temporary resident status and they visited a state doctor for an inoculation. While it is true that an applicant can satisfy the well-founded fear of persecution standard for asylum without showing that it is more likely than not that he will be persecuted, see INS v. Cardoza-Fonseca, 480 U.S. 421, 431 (1987), we must uphold the BIA's finding that Lin did not establish a well-founded fear of persecution unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001) (setting forth substantial evidence standard of review).

The BIA noted that Lin submitted no evidence about the temporary resident permit, and thus agreed with the IJ that Lin had provided no evidence showing that the Chinese government is aware of his children as a result of their visit. Lin does not point to evidence in the record compelling the conclusion that he established a well-founded fear of persecution. Although Lin argues that the affidavit of John Aird substantiates his fear, the Aird affidavit does not address the BIA's conclusions that Lin had not shown that the Chinese government is aware that he had children in the United States or that the government would be interested in sterilizing him.[3]

_____

[3] In Yu v. Attorney General, 513 F.3d 346, 349 (3d Cir. 2008), we held that substantial evidence supported the BIA's decision that petitioners, who relied almost exclusively on the Aird affidavit, failed to show that their fear of sterilization based on the birth of a

5

Accordingly, we will deny the petition for review.

---

second child in the United States was objectively reasonable. We also note that the Government states that the Population and Family Planning Regulation of Fujiian Province, adopted in 2002, provides that "[r]eturned overseas Chinese" may have a second child if all of the children reside overseas and the returned couple have no children inside interior China. A.R. at 259. The BIA, however, did not rely on this evidence, and its application to Lin's case is not clear.